IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VIVIANA WARREN                    :

   v.                              :     Civil Action No. DKC 10-3015

UNITED STATES OF AMERICA          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Federal Tort Claims Act ("FTCA") case is a motion for sanctions filed by Defendant United States of America. (ECF No. 16). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the Government's motion will be granted.

**I. Background**

Plaintiff Viviana Warren originally filed a complaint in this court, with the assistance of counsel, on October 25, 2010. (ECF No. 1). In her complaint, Warren alleges that she injured herself while visiting a United States Post Office in Germantown, Maryland. She asserts a single claim of negligence against the United States for its failure to repair a hole that allegedly caused her to trip and fall.

After the United States answered the complaint, the court entered a scheduling order on January 14, 2011. The court

originally anticipated that discovery would close on May 31, 2011; the dispositive motions deadline was set for roughly a month later. (ECF No. 8, at 2). In March 2011, however, Warren's attorneys withdrew from the case because Warren had fired them. (ECF Nos. 10, 11).

Then, on April 5, 2011, the United States filed a motion to compel answers to its first set of interrogatories and requests for production. (ECF No. 12). The Government's motion explained that neither Warren nor her original counsel had provided any response to the Government's discovery requests, even though responses were due on February 22, 2011. (*Id.*). This court granted the Government's motion to compel in an order dated May 5, 2011, ordering Warren to provide discovery responses no later than May 23, 2011. (ECF No. 15). Among other things, the court warned Warren that she could be sanctioned for failing to provide discovery in a timely fashion. (*Id.* at 1). Warren was specifically told – three times over – that her complaint could be dismissed if she failed to comply with the court's order. (*Id.* at 1, 2, 4).

On May 27, 2011, the Government moved for sanctions. (ECF No. 16). According to the Government, Warren did not respond "in any way" to the court's order of May 5. (*Id.* at 1). Warren did not provide discovery responses by the court's deadline – and in fact had not provided any discovery responses as of the

date of the Government's motion.  (*Id.* at 2).  Consequently, the Government asks for dismissal.

The court wrote Warren a letter, dated June 2, 2011, cautioning her that her case could be dismissed if she failed to respond to the motion for sanctions.  Nevertheless, in the several weeks since the Government's motion was filed, Warren has failed to provide any opposition or response of any kind to the Government's motion.

**II. Standard of Review**

The Government moves for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).  That rule permits a district court to impose certain punitive measures, up to and including dismissal, on any party who disobeys a discovery order.  Fed.R.Civ.P. 37(b)(2)(A).  "Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case."  8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2289 (3$^d$ ed. 2010); *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 518 (D.Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders.").

The Government specifically asks the court to impose "the most severe in the spectrum of sanctions," dismissal.  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643

(1976). But "[w]hile the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, it is not a discretion without bounds or limits." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quotation marks and brackets omitted). This is particularly so when a party requests the severe penalty of dismissal. *Id.* Thus, a district court should consider four factors in determining what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (quotation marks omitted).

A party's total failure to comply with the mandates of discovery, with no explanation for that failure, can certainly justify this harshest of sanctions. *See, e.g.*, *CoStar Realty Info., Inc. v. Field*, 737 F.Supp.2d 496, 502 (D.Md. 2010); *Middlebrooks v. Sebelius*, No. 04-2792, 2009 WL 2514111, at *1-3 (D.Md. Aug. 13, 2009); *Aerodyne Sys. Eng'g, Ltd. v. Heritage Int'l Bank*, 115 F.R.D. 281, 290-91 (D.Md 1987) (dismissing complaint without prejudice where plaintiff failed for several months to respond adequately to discovery requests, ignored court orders, and did not seeks extensions or protective

orders); *see also Roman v. ESB, Inc.*, 550 F.2d 1343, 1349 (4th Cir. 1976) (finding dismissal sanction appropriate where plaintiffs "had failed to respond to interrogatories; failed to respond to an order entered by the district court requiring a response to the interrogatories; and additionally failed to respond upon specific request after the court had denied, without prejudice, a first motion to dismiss"). Interrogatories and document requests are important elements of discovery; a defendant would be hard-pressed to conduct its case without them. When a plaintiff refuses to respond to such requests, it can have a debilitating effect on the rest of the litigation. "If a party served with interrogatories fails to answer them on time, or at all, . . . such action can have a spiraling effect on the future scheduling of discovery, and inject into the litigation collateral disputes which typically require the intervention of the court to resolve." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D.Md. 1997). Likewise, a failure to respond to a request for production of documents "frequently derails the discovery process, because parties often wait to schedule depositions until after document production has occurred." *Id.* at 655. Indeed, delay and complications seems to be exactly what has happened in this case, where the Government observes that Warren's behavior has

"effectively stalled all pretrial activities." (ECF No. 16, at 4).

Although the dismissal sanction is to be used sparingly, it seems especially appropriate in this case. Since filing her complaint, Warren has largely been absent. Even after being warned of the prospects of dismissal, she has not contacted this court or the Government in even an informal fashion. Her non-compliance is highly suggestive of bad faith. Moreover, an absolute lack of discovery produces obvious prejudice to the Government. *See, e.g.*, *Middlebrooks*, 2009 WL 2514111, at *3 ("The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available."); *see also Adriana Int'l Corp v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."). Because of Warren's behavior, the Government has been unable to obtain information about Warren's alleged injuries or the manner in which she suffered them. In addition, the need to deter this type of conduct is manifest. As the court has already explained, civil cases simply cannot proceed without participation by all parties in discovery. Finally, given that she responded to the court's direct, unequivocal order with

silence, there is nothing to indicate that Warren's behavior would be affected by a less drastic sanction. In sum, as this court has explained before:

> A complete failure to participate in discovery without explanation would be in bad faith and clearly prejudicial to other parties if a Plaintiff fails to answer material discovery requests. No litigant can be permitted to file a law suit and then ignore discovery obligations.

*Goldring v. Town of La Plata, Md.*, No. DKC 04-1052, 2005 WL 1075435, at *2 (D.Md. May 4, 2005). The court will dismiss Warren's complaint.

## III. Conclusion

For the foregoing reasons, the Government's motion for sanctions will be granted. A separate order will follow.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge

7